IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EXECUTIVE CONSULTING, INC.,

        Plaintiff,

V.                                                     Case No. 12-CV-01246 WJ/KBM

VAL E. KILMER, V,

        Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT VAL E. KILMER, V'S MOTION TO DISMISS
OR, ALTERNATIVELY, MOTION TO TRANSFER**

THIS MATTER comes before the Court on Defendant Val E. Kilmer, V's Motion to Dismiss **(doc. 3)**, filed Nov. 30, 2012. The Court finds that Defendant's motion is well taken and shall be **GRANTED**.

Plaintiff, Executive Consulting, Inc. (through its president, Ellen Colemire) filed suit against Defendant in state court, alleging breach of contract. Defendant timely removed to this Court. Defendant now asks this Court to dismiss the complaint on the ground that service of process was not effected in accordance with New Mexico law. Alternatively, Defendant seeks to have this case transferred to the United States District Court for the Central District of California, Western Division.

Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of a lawsuit for insufficient service of process. "In determining the validity of service before removal, a federal court must apply the law of the state under which the service was made." *Johnson v. N.T.I., a Div. of Colorado Springs Circuits*, 898 F. Supp. 762, 765 (D. Colo. 1995) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1082 (1987); *see Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir.1993) ("The issue of the sufficiency of service of process prior to removal is strictly a state law issue."). Consequently, this Court will evaluate service here under New Mexico law, which holds that "a court lacks jurisdiction to pronounce judgment over a defendant or respondent unless that defendant or respondent has been properly summoned into court." *Trujillo v. Goodwin*, 116 P.3d 839, 840 (N.M. Ct. App. 2005). The plaintiff bears the burden of establishing the validity of service. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

For personal service, sufficiency of notice is guided by New Mexico Rule 1-004(F), which requires process to be made by one of the following methods, and in the following order. First, service of process may be made to the individual, personally or by mail or commercial courier service, "provided that the envelope is addressed to the named defendant and . . . the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package." Second, and only if the first method fails, service may be made by delivering a copy of the process to someone over the age of fifteen residing at the defendant's usual place of abode, and by mailing a copy of the process to the defendant's last known mailing address by first class mail. Third, and only if the second method fails, service may be made by delivering a copy of process to the defendant's place of business or employment, and mailing a copy of process by first class mail to both the

defendant's last known mailing address by first class mail and the defendant's place of employment.  *See Edmonds v. Martinez*, 215 P.3d 62, 66 (N.M. Ct. App. 2009) (failure to employ all methods identified in Rule 1-004(F), and in the right order, renders service ineffective).  When, as here, "jurisdiction of the court over the defendant is not dependent upon service of the process within the State of New Mexico, service may be made outside the State as provided by this rule."  N.M.R.A. 1-004(M).

It is undisputed that Plaintiff did not attempt process by the second or third methods outlined in the rule; at issue is whether Plaintiff fulfilled the requirements of the first.  On September 11, 2012, Plaintiff's counsel attempted service of process by mailing process to Defendant both at a New Mexico address (by certified mail), and at 22631 Pacific Coast Highway, Malibu, California 90265 (by Federal Express).  The mail sent to New Mexico was returned as undeliverable.  The mail sent to Malibu was signed for by someone named "Douglass," identified as "Receptionist/Front Desk."  Pl.'s Mem. in Opp'n, Ex. C [doc. 14-1 at 6].  Plaintiff claims that this copy of service was sent to the apartment building where Defendant lives, that it was signed for by the building receptionist, and that the building receptionist is "a person authorized to accept service pursuant to Rule 1-004 NMRS."  Pl.'s Mem. In Opp'n [doc. 14], at 2.

Defendant, however, states that although he has an apartment in Malibu, there is no receptionist in his building, and he does not live and has never lived at 22631 Pacific Coast Highway, which is the former address of the mail service he uses.  Second Aff. of Val E. Kilmer, V, in Supp. of Mot. to Transfer [doc. 16-1], ¶¶ 2-3.  Defendant further states that he does not know who Douglass is, and that he has never authorized Douglass to accept service of process on his behalf.  *Id.*, at ¶ 4.  Plaintiff provides no evidence controverting these facts or authority

supporting its contention that Douglass was authorized to accept service under Rule 1-004. Although the New Mexico courts have not addressed the specific issue of whether authority to accept mail constitutes authority to accept service of process, this Court finds persuasive those decisions from other jurisdictions with analogous service statutes holding that authority to accept mail for a defendant does not confer authority to accept service on that defendant's behalf. *See, e.g.*, *Hall v. Haynes*, 319 S.W.3d 564, 582-83 (Tenn. 2010) (rejecting the argument that authority to sign for certified mail authorized the signatory to accept service of process within the meaning of the service statute, and collecting cases in support); *Cook v. Polineni*, 967 S.W.2d 687, 693 (Mo. Ct. App. 1998) (same). Thus, the Court holds that authority to accept mail for a defendant does not constitute authority to accept service of process for that defendant. Accordingly, service of process in the instant case was insufficient under New Mexico law, and Defendant's motion to dismiss must be granted.

Plaintiff suggests that because there is evidence that Defendant "does not deny having received service by commercial courier," and therefore had actual notice of service, the motion to dismiss should be denied. But Plaintiff supplies no authority in support of this argument, and New Mexico has been disinclined to accept such an argument. *See Trujillo v. Goodwin*, 116 P.3d 839, 841 (N.M. Ct. App. 2005) (refusing to overlook technical deficiencies in service, although defendant had actual notice of the case, where plaintiff "cite[d] no cases standing for the proposition that a district court has jurisdiction to issue a binding judgment against a party not served in accordance with Rule 1–004 who does not somehow waive the defects in service"); *Edmonds v. Martinez*, 215 P.3d 62, 67 (N.M. Ct. App. 2009) (rejecting broader interpretation of service statute allowing service "to be performed in a manner reasonably calculated to bring the proceedings to the attention of the defendant," where plaintiff "cite[d] no cases standing for the

proposition that a district court has jurisdiction over a party when personal service was not effectuated subject to the requirements of Rule 1-004"). The Court sees no reason to make an exception here.

In light of the Court's conclusion that service of process was insufficient, there's no need to address Defendant's alternative Motion to Transfer.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss or, Alternatively, Motion to Transfer (**doc. 3**) and this case is hereby **DISMISSED**.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE